1  McGREGOR W. SCOTT
   United States Attorney
2  JUSTIN J. GILIO
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00181-LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE; ORDER |
| vs. | JUDGE: Hon. Sheila K. Oberto |
| JESSE MOSES ESCANO, | |
| Defendant. | |

This case is set for status conference on March 30, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 30, 2020.

2. By this stipulation, defendant now moves to continue the status conference until May 18, 2020, and to exclude time between March 30, 2020, and May 18, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case, including investigation reports and hours of digital media, has been produced directly to counsel.

   b) Counsel for defendant desires additional time to consult with his client, review the discovery, investigate, and continue to pursue a resolution of the case.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encourages to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2020 to May 18, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions

of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

MCGREGOR SCOTT
United States Attorney

DATED: March 18, 2020 　　　　　　　　　　　　　　 */s/ Justin J. Gilio*
JUSTIN J. GILIO
Assistant United States Attorney
Attorney for Plaintiff

DATED: March 18, 2020 　　　　　　　　　　　　　　 */s/ Mike McKneely*
MIKE MCKNEELY
Attorney for Defendant Jesse Moses Escano

**O R D E R**

The status conference currently scheduled for March 30, 2020, at 1:00 p.m. is hereby continued to **May 18, 2020, at 1:00 p.m.** The time period between March 30, 2020, and May 18, 2020, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), for the reasons provided in the parties' stipulation, as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: __**March 18, 2020**__          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE